CHARLES A. CURRIER, Appellant

v.

WILLIAM E. KNAPP, WILBUR T. BOLKCOM and
R. PHILLIP HARTY

No. 18,869

United States Court of Appeals

Third Circuit

Argued January 28, 1971
Decided March 5, 1971

*See, also, 442 F.2d 422*

THOMAS ALKON, ESQ., Christiansted, St. Croix, V.I., *for appellant*

JOHN F. JAMES, ESQ., Christiansted, St. Croix, V.I., *for appellees*

Before KALODNER, STALEY and ADAMS, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

Appellant, Charles A. Currier, brought this action to compel specific performance of an alleged contract for the sale of realty located on the island of St. Croix. The defendants-appellees moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that the complaint failed to state a claim upon which relief can be granted. The basis for the motion was that the complaint did not allege the existence of a writing signed by the defendants, as required by the Virgin Islands Statute of Frauds, 28 V.I.C. § 242. This appeal is from the final order of the district court granting the motion to dismiss the complaint.

Although the order appealed from refers only to Rule 12(b)(6), the district court apparently treated the motion as one for summary judgment under Rule 56, a procedure permitted by Rule 12(b), which allows matters outside the pleadings to be considered by the court. In this case, however, the use of Rule 12(b) was improper.

The defense of failure to comply with the statute of frauds is an affirmative defense. Rule 8(c) of the F.R.C.P. requires that this defense be set forth affirmatively by a party pleading to a preceding pleading. In this case, the defendants were required to file an answer to the complaint in order to raise the defense of statute of frauds. The motion to dismiss under Rule 12(b)(6) was improper.

The order of the district court, therefore, will be reversed and the cause remanded for further proceedings consistent with this opinion.