**GOULD, INC. and Eltra Corporation, Appellants,**

**v.**

**John H. CHAFEE, Secretary of the Navy ESB, Inc., Appellees.**

**No. 71–1305.**

United States Court of Appeals, District of Columbia Circuit.

June 30, 1971.

Robert L. Ackerly, Washington, D. C., was on the pleadings for appellants. C. Stanley Dees, Washington, D. C., entered an appearance on behalf of appellants.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Robert M. Werdig, Jr. and Joseph M. Hannon, Asst. U. S. Attys., were on the oppositions for appellee Chafee.

Messrs. Eldon H. Crowell and Gerald P. Johnston, Washington, D. C., were on the oppositions for appellee ESB, Inc.

Before LEVENTHAL, MacKINNON and WILKEY,* Circuit Judges.

LEVENTHAL, Circuit Judge:

Appellants and appellee ESB, Inc. were originally awarded contracts for the provision of several lots of industrial batteries to the U. S. Navy. After a protest by ESB, the Assistant Comptroller General determined that ESB was low bidder on all the lots. The Navy terminated appellants' contracts and awarded a new contract for all the batteries to ESP. Appellants then sued in District Court for declaratory and injunctive relief to prevent performance of the new contract awarded to ESB, and to reinstate their original contracts. The District Court dismissed appellants' complaint without indicating reasons for its action, and this appeal followed. After the dismissal in the District Court, the Acting Comptroller General issued a new opinion apparently indicating that the original split award to appellants and ESB was correct. This Court now has before it appellants' motions (a) for summary reversal of the District Court's dismissal, and for expedited oral argument thereon, and (b) to supplement the record with the new opinion of the Acting Comptroller General.

At the time when the District Court dismissed appellants' complaint, the Navy's action in terminating appellants' contracts was based on an at least apparently reasonable opinion by the Assistant Comptroller General indicating that ESB was low bidder on all the batteries. It seems unlikely that the Navy's action, whether based on agreement with that opinion or on acquiescence to avoid conflict, could have been found arbitrary and capricious, so that the District Court should have granted the relief requested under Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970). This Court has previously indicated the need for employment of expeditious and economical means for terminating those challenges to procurement actions, over which the District Court has jurisdiction by virtue of the Scanwell decision, which are nonmeritorious. See Blackhawk Heating & Plumbing Co. v. Driver, 140 U.S.App.D.C. 31, 35, 433 F.2d 1137, 1141 & n. 4 (1970). However, we are concerned that the District Court's action rests on an erroneous legal premise.

The District Court granted the Government's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim on which relief may be granted. Yet appellants' complaint makes at least the bare allegations of a claim on the merits under Scanwell that is within the District Court's jurisdiction, and that would entitle appellants to relief if they could substantiate their assertion that the termination of their

* Circuit Judge Wilkey did not participate in the disposition of this case.

contracts and the award to ESB were arbitrary because of errors in the determination of certain costs by contracting authorities and the Comptroller General's office.

The Government's argument for dismissal rested in substantial measure on the assertion that appellants have an adequate remedy at law. But it is questionable whether appellants' legal remedies as aggrieved bidders and contractors are adequate enough to justify dismissal of their suit for want of equity. *See* Keco Industries, Inc. v. United States, 192 Ct.Cl. 773, 784–785, 428 F.2d 1233, 1240 (1970); John Reiner & Co. v. United States, 163 Ct.Cl. 381, 325 F.2d 438 (1963).

■ It may be that the District Court dismissed the complaint on the ground that the facts before the court conclusively demonstrated that the Government's actions were not arbitrary, and hence it was entitled to a favorable decision on the merits. Since the parties presented some affidavits and additional material other than pleadings, the District Court's action may be supportable as a summary judgment if the record before it was adequate for a decision on the merits. *See* Fed.R.Civ.P. 12, 56; Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F.2d 996 (1964); 2A J. Moore, Federal Practice ¶¶ 12.07–.09 (2d ed. 1968, Supp. 1970); 6 *id.* ¶¶ 56.02[3], 56.03 (2d ed. 1965, Supp. 1970); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1366 (1969, Supp.1970). However, in the interest of orderly procedure, appellants should have been advised that their case was to be considered on the merits—on motion for summary judgment, or less preferably, on a motion to dismiss which they had been informed would be treated as a motion for summary judgment.

■ Because the District Court's order dismissing the complaint did not state reasons, and because some bases for the order would be at best of doubtful legality, we vacate that order and remand the case for clarification, and if need be reconsideration, by the District Court. On remand, the District Court may simply explain its dismissal. But if the court instead grants summary judgment on the merits, it should indicate that after appropriate notice, appellants failed to make any showing of contested material facts (as contrasted with bare or conclusory allegations) that would entitle them to relief.[1]

The disposition herein makes it unnecessary to act on appellants' motion to supplement the record on appeal with the most recent opinion of the Acting Comptroller General. The District Court, not this Court, should consider the new opinion in the first instance.

■ Any request of appellants for interlocutory injunctive relief should likewise be addressed initially to the District Court. However, we are not to be understood as implying disapproval of the District Court's action terminating the injunctive relief provided by its extended temporary restraining order; the present record on appeal does not seem to us to indicate a probability of appellants' success on the merits sufficient to warrant temporary injunctive relief that would interfere with the Government's procurement processes. *Cf.* Page Communications Eng'rs, Inc., v. Resor, No. 24,784 (D.C. Cir., Dec. 4, 1970) (unreported).

The order of the District Court dismissing appellants' complaint is vacated, and the case is remanded for further proceedings in accordance with this opinion.

So ordered.

1. We express no opinion on whether summary judgment would be proper, or on appellants' contention that the record before the District Court was inadequate to permit any judgment on the merits. *See* Citizens To Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 419–420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); Environmental Defense Fund, Inc. v. Ruckelshaus, 142 U.S.App.D.C. 74, 439 F.2d 584 (1971) (slip opinion at 18–22); Environmental Defense Fund, Inc. v. Hardin, 138 U.S.App.D.C. 391, 397–398, 428 F.2d 1093, 1099–1100 (1970).