Angelo SARKEES, Plaintiff,

v.

WRIGHT & KREMERS, INC., Defendant.

No. Civ. 75–279.

United States District Court, W. D. New York.

July 13, 1977.

Kushner & Kushner, Niagara Falls, N. Y., for plaintiff; James C. Roscetti, Niagara Falls, N. Y., of counsel.

Phelps, Gray, Mansour & Hewitt, Niagara Falls, N. Y., for defendant; Benjamin N. Hewitt, Niagara Falls, N. Y., of counsel.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

This action is brought by Angelo Sarkees against Wright & Kremers, Inc. alleging that the discharge from his job on May 20, 1974 violated his right of freedom of speech under the First Amendment to the Constitution of the United States.

Defendant moves to dismiss the complaint under Fed.R.Civ.P. rule 12(b)(1) on the ground that the complaint fails to allege adequate facts to support jurisdiction as required under Fed.R.Civ.P. rule 8(a). Defendant also moves to dismiss the complaint under Fed.R.Civ.P. rule 12(b)(6) on the ground that the complaint fails to state a claim upon which relief may be granted because there are insufficient allegations to show that defendant operated under color of state law.

■ Dismissal of a complaint before any discovery has taken place or an answer filed is a result that will not be reached unless, taking as true the allegations as pleaded it " * * * appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While I do not find plaintiff's complaint to be an example of good pleading draftmanship, I also do not find that it is so insufficient as to require dismissal.

■ The guarantees of the First Amendment run only against the federal government, not private entities. *Murphy v. Mount Carmel High School,* 543 F.2d 1189 (7th Cir. 1976). By incorporation into the due process clause of the Fourteenth Amendment, these guarantees also run against the states. *Edwards v. South Carolina,* 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); *Gitlow v. New York,* 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1133 (1925). The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948). Only where the government " * * * has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity, which, on that account, cannot be considered to have been so 'purely private' as to fall without the scope of the Fourteenth Amendment" (*Burton v. Wilmington Pkg. Auth.,* 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961)), will such Constitutional proscriptions weigh against a private entity.

■ The complaint contains the following allegation as to governmental involvement:

"SIXTEENTH: That the funds out of which plaintiff was paid while employed by defendant were from municipal and state sources with possibly some federal aide [sic]; that the property was state and municipally owned; that the beneficiaries of the job were state and municipal parties and that defendant was acting under contracts with such governmental bodies."

The only federal involvement alleged is possible financial aid, the mere receipt of which without more is not enough to make the recipient an agent or partner of the Government. *See, Byrd v. Local Union No. 24, Int. Bro. of Electrical Wkrs.,* 375 F.Supp. 545 (D.Md.1974). Thus, the complaint is inadequate to raise a claim directly under the First Amendment.

The complaint does however allege more than just possible federal aid which, when examined in the context of the degree of interdependent partnership or agency between the state and the private recipient of state funds, *may* support a finding of sufficient State involvement to support a cause of action under the Fourteenth Amendment.

 Although plaintiff fails to allege that his federal question jurisdiction arose under the Fourteenth Amendment, I consider his allegation of jurisdiction under the First Amendment, coupled with allegations of State as opposed to federal action, a sufficient allegation of jurisdiction under Fed.R.Civ.P. rule 8(a).

In support of its motion to dismiss for failure to state a claim, defendant offers the affidavit of Stanley H. Huckins, Secretary-Treasurer of Wright & Kremers, Inc., to refute plaintiff's allegation of State action. It is defendant's position that the construction contract for the work on the Rainbow Plaza Development project was entered into by the defendant and New York State's Urban Development Corporation, a quasi-public corporation which obtains its moneys by the sale of bonds.

Such an affidavit goes beyond the pleadings and is not properly to be con-sidered when weighing a motion to dismiss. The only exception is when such a motion under rule 12(b)(6) is treated as a motion for summary judgment and then only if all parties shall be given reasonable opportunity to present all materials pertinent to such motion pursuant to rule 56. I find that, absent discovery, plaintiff has not had to this point such an opportunity to present such materials. Further, the affidavit of Mr. Huckins is inadequate to show the source of the Urban Development Corporation's moneys. Therefore, I do not treat this motion to dismiss as a motion for summary judgment, and I deny defendant Wright & Kremers, Inc.'s motion to dismiss.

So ordered.