William R. MARTIN, Appellant,

v.

Kenneth J. MEARS, Appellee.

No. 4091.

Supreme Court of Alaska.

Nov. 2, 1979.

---

422

## OPINION

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

RABINOWITZ, Chief Justice.

This appeal arises from the superior court's entry of an order dismissing appellant Martin's complaint "with prejudice for the reason that it fails to state a claim upon which relief can be granted due to the provisions of Alaska's statute of frauds, AS 09.25.010(a)." [1]

Martin's complaint stated that he and Mears "owned as tenants in common" 4.6 acres of land "situated on the east bank of the Nuyakuk River, near the outlet of Tikchik Lake, Alaska," and that they "each wished to sever from the tenancy in common an individual lot to be held in fee simple, separate from the tenancy in common for their own respective business purposes." The complaint further alleged that Martin and Mears arranged to sever a lot containing approximately 5,160 square feet from the larger parcel and that this lot was conveyed by them, as co-tenants, to Mears by "Grant Deed." As consideration for the fee simple ownership, Mears tendered the sum of $1,026, which was "equal to a pro-rata portion (based on square footage) of the original purchase price." [2]

The complaint alleged that this "severance and option agreement contemplated severance by [Martin], at a future date, of an equivalent parcel upon the same terms and conditions and upon granting a similar option (right of first refusal) to defendant Mears." It further alleged that Martin has respected Mears' ownership rights and "wishes to exercise his selection and sever-

Thomas H. Dahl, Gallagher, Cranston, Snow, Walters & Dahl, Anchorage, for appellant.

G. Kent Edwards, Anchorage, for appellee.

1. The order of dismissal further provided that appellee Mears· shall recover costs and attorney's fees which, in the judgment which was subsequently entered, amounted to $2,448.

2. While the complaint states that the severance agreement provided for payment of this sum by Mears to the co-tenants (Mears and Martin), Martin asserts in this court that the money was actually paid to Governor Hammond, who released this portion of the larger tract from the original contract of sale conditions in order to allow fee simple ownership by Mears. Mears and Martin had entered into a contract with Governor Hammond to purchase the larger tract on July 1, 1972, with title to be conveyed upon payment.

ance of an individual lot of equal dimension and under the same terms and conditions as . . . severance [was] accomplished by defendant [Mears], as was mutually contemplated by the parties." Martin asserted that he requested "equal performance" of Mears, but that Mears "has refused to join as co-tenant in a conveyance to plaintiff of his selected lot." The complaint further stated:

That plaintiff detrimentally relied upon the aforesaid Agreement, bestowing benefit thereunder upon defendant, who accepted such performance and the benefits of separate ownership of the described premises without rendering to plaintiff the performance in kind which plaintiff reasonably expected when releasing his interest in the lot selected by defendant.

Martin's prayer for relief requested specific performance "ordering defendant to convey by appropriate deed his interest to plaintiff in a lot selected by plaintiff" on the same terms and conditions "as those which governed the earlier transfer between the parties."

Mears then filed a motion to dismiss the complaint grounded on the assertion that it failed to state a claim upon which relief could be granted due to the bar of the statute of frauds. Mears argued that Martin was seeking specific performance of an oral contract to convey real property, which was prohibited by the statute of frauds; that the exception to the statute for part performance should not apply in this case; and that Martin's claim was otherwise lacking in support and specificity so as to preclude enforcement of the alleged oral agreement by the court.

Martin's opposition to the motion to dismiss argued that his complaint should not be dismissed because

1. The agreement to sever the lots was an agreement to distribute assets of a partnership, which assets are personal property and not barred by the statute of frauds for lack of a writing;

2. Even if the statute of frauds does apply, Plaintiff's performance of the agreement is sufficient to take the case out of the operation of the statute of frauds.

Martin also filed several documents in opposition to the motion to dismiss. The first of these documents was an affidavit from the attorney who "represented the partnership of [Martin and Mears] in at least part of the transactions related to the sale of the parcel of land" here involved. The affidavit stated that the attorney had "drafted certain documents which allowed the parties, as tenants in common, to separate out two portions of the whole parcel, one portion to be granted to each party individually." It further stated that "[t]he parties requested that I prepare a document reflecting that each would grant to the other (at different points in time) clear title to an individual lot, separate from the whole parcel. Mr. Martin signed certain documents, including the Grant Deed that conveyed a portion of the larger parcel to Dr. Mears." The affidavit was interlineated in many places; crossed out were sections stating that it was the "intent" of the parties to grant each a parcel individually and that "it was not the intent of either party that the purchase price be full consideration for the lot."

Also attached to Martin's opposition to the motion was a copy of a handwritten note, which Martin alleged was written by Mears to their attorney. This note discusses several of the parties' business concerns, including the land transfer between Mears and Martin. Of interest is the opening portion of this note which reads:

Pete

—left copy of Tickchik land transfer agreement with some write ins—I want to get a deed on this now also as I've already staked my area last June & Bill [Martin's first name is William] knows the land also—see if can do [with] a quick [sic] claim [unreadable in copy] along with this [unreadable in copy]. Bill could survey his later if he wishes.

A further attachment is apparently a portion of an unexecuted document which sets out the agreement of each party to the severance of "one lot approximately 75′ ×

100′ from the property held as tenants in common to be held by each of them separately for their own respective business purposes." This agreement is also notated and is possibly the copy of the "agreement with some write ins" referred to in the note allegedly from Mears to the attorney.

The final attachments to Martin's opposition memorandum were documents relating to Governor Hammond's release of Mears' individual lot from the terms of the contract of sale by which Hammond conveyed the entire parcel to Martin and Mears. These include a letter from the partners' attorney to the governor's attorney requesting the governor's conveyance of the small parcel free of the sale contract,[3] a reply letter from the governor's attorney and the warranty deed transferring the parcel from Hammond to Martin and Mears as co-tenants.

In response, Mears filed an affidavit which simply states:

I never intended or agreed to allow Bill Martin to acquire a lot or sever a parcel from our jointly owned land in Tikchik Lake, by tendering to me now or at any time in the future the sum of $1,026, or any other sum.

Mears also filed an affidavit from the partners' attorney which states that the copy of the "Agreement" attached to Martin's opposition memorandum, relating to the parties' severance of individual lots, "was subsequently redrafted into another [document] which also was not executed by both parties" and that "I cannot recall or discern from viewing said document who made the

[interlineations] reflected on it." The affidavit concludes:

I am unable to state that Kenneth J. Mears and William R. Martin ever reached a firm agreement with respect to any of the unsigned documents which I prepared for them. I did not intend my Affidavit of February 21, 1978 to imply otherwise, just as I do not intend that this Affidavit implies that such an agreement may not have, in fact, taken place unknown to me.

It was after this exchange that the superior court entered its "Order of Dismissal."

Initially, it is necessary to address a procedural problem. The superior court treated the dismissal motion as made pursuant to Civil Rule 12(b)(6) (failure to state a claim upon which relief can be granted). Civil Rule 12(b) provides with respect to this type of motion that:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

■ Here the record shows that matters outside the pleadings were presented to the superior court and not excluded by the court.[4] We think it clear that these "out-

---

**3.** A portion of the partners' attorney's letter to the governor's counsel reads:

Dr. Mears wishes to build a cabin on the property which he will use solely for his own personal use and perhaps to entertain his professional clients, with such use being independent of the business. Because they wish to keep this use separate from their joint use, and because he does not wish to personally put improvements on the property which is held jointly, they have agreed to sever a small parcel for his separate use, and have agreed that Bill may sever an equivalent parcel at some time in the future.

**4.** These included: a copy of the grant deed and related materials and a copy of the lease agree-

ment between Martin and Mears which were attached to the original complaint; the attorney's affidavit, a copy of a note purportedly from Mears to the attorney, a copy of an unexecuted agreement concerning the severance of individual lots from the parties' common tenancy, and several letters and documents concerning the transfer by Governor Hammond of Mears' lot to Mears and Martin free and clear of the terms of the original contract of sale among those three parties, all of which were attached to Martin's memorandum opposing the motion to dismiss; and an affidavit from Mears and an additional affidavit from the attorney attached to Mears' reply memorandum in support of his motion to dismiss.

side" materials were sufficient to require conversion of the Rule 12(b)(6) motion into a motion for summary judgment.[5] The terms of Rule 12(b) make conversion mandatory whenever matters outside the pleadings "are presented to and not excluded by the court."[6] In this regard, "[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion."[7] If the trial court exercises its discretion to exclude such outside materials, conversion is not required, and the motion is then to be decided as a Rule 12(b)(6) motion.

We deem it of significance that Civil Rule 12(b)(6) requires the trial court affirmatively to exclude outside materials if it does not consider the conversion of a Rule 12(b)(6) motion to one for summary judgment to be desirable. Therefore, in the future all trial courts must expressly state whether they have in fact excluded or considered such materials in reaching their decisions.[8] In the instant case the superior court was under a mandatory duty to treat Mears' 12(b)(6) motion "as one for summary judgment and [dispose of it] as provided in Rule 56" after giving the parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[9] We thus hold that the superior court's failure to adhere to the conversion-related requirements of Civil Rule 12(b) was error. This holding is consistent with numerous decisions arrived at under the identical Federal Rule 12(b).[10]

5. "[O]n a motion under [Federal] Rule 12(b)(6), the court's inquiry essentially is limited to the content of the complaint; summary judgment, on the other hand, involves the use of pleadings, depositions, answers to interrogatories, and affidavits." 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1356, at 592 (1969 & Supp.1979). Alaska R.Civ.P. 12(b) is identical to Fed.R.Civ.P. 12(b).

We have not addressed the question of what material constitutes "matters outside the pleading" directly. However, in *Miller v. Johnson*, 370 P.2d 171, 172 (Alaska 1962), we noted that the trial court there

was not dealing with a motion to dismiss which could be treated as a motion for summary judgment, because it did not have before it any depositions, affidavits, admissions or other matters . . . . [footnote omitted]

Furthermore, the concurrence in *Shannon v. City of Anchorage*, 429 P.2d 17, 20 (Alaska 1967), indicates that the consideration of a single affidavit by the trial court is sufficient to require treatment as a summary judgment motion. *Accord, Sarkees v. Wright & Kremers, Inc.*, 433 F.Supp. 705, 707 (W.D.N.Y.1977).

6. In *Schwartz v. Commonwealth Land Title Ins. Co.*, 374 F.Supp. 564, 578 (E.D.Pa.1974), the court advanced the following standard:

Undoubtedly, certain matters outside the pleadings are cognizable on motion to dismiss. We would limit such cognizable matters, however, to those facts which are properly the object of strict judicial notice.

*See also Nizinski v. Currington*, 517 P.2d 754, 756 (Alaska 1974); *Miller v. Johnson*, 370 P.2d 171, 172 (Alaska 1962).

It is of no consequence that in this case the pleader, rather than the movant, first presented outside matters to the court, since "[e]ither the pleader or the moving party or both may bring the conversion provision into operation by submitting extraneous matters." 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366, at 677 (1969 & Supp.1979) (footnote omitted).

7. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366, at 678 (1969 & Supp. 1979). *See also* 2A Moore's Federal Practice ¶ 12.09, at 2300 (1975 & Supp.1978–79).

8. *See Erlich v. Glasner*, 374 F.2d 681, 683 (9th Cir. 1967).

9. Alaska R.Civ.P. 12(b). Here there is no evidence or indication in the record that the superior court excluded or disregarded these extra pleading materials. The materials were much discussed in the memoranda of both parties and neither the order nor the judgment of the court reveals any decision to exclude them from consideration.

10. *See, e. g., Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam); *Winfrey v. Brewer*, 570 F.2d 761 (8th Cir. 1978); *Johnson v. RAC Corp.*, 491 F.2d 510 (4th Cir. 1974); *Gould, Inc. v. Chafee*, 146 U.S. App.D.C. 206, 450 F.2d 667 (D.C.Cir.1971); *Dale v. Hahn*, 440 F.2d 633 (2d Cir. 1971), *appeal after remand*, 486 F.2d 76 (1973), *cert. denied*, 419 U.S. 826, 95 S.Ct. 44, 42 L.Ed.2d 50 (1974); *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81 (9th Cir. 1967); *Georgia Southern Florida Rwy. Co. v. Atlantic Coast Line R. Co.*, 373 F.2d 493 (5th Cir. 1967), *cert. denied*, 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967). *See also* 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366, at 679–80 (1969 & Supp.1979).

In view of our holding, three options are available. One alternative calls for reversal of the superior court for its failure to comply with the requirements of Civil Rule 12(b) and a remand for proper consideration as either a Rule 12(b)(6) dismissal motion with the outside matters expressly excluded or a Rule 56 motion for summary judgment with the attendant requirements of that rule. A second option is to review the superior court's decision as a Rule 12(b)(6) dismissal, treating that decision as if a motion for dismissal had been granted after exclusion of the outside materials as required. A third option is to review the superior court's decision as an entry of summary judgment, treating that decision as if summary judgment had been granted after the necessary conversion of the Rule 12(b)(6) motion into one for summary judgment. In the circumstances of this case, we think a blending of the last two alternatives is appropriate. In short, based upon our review of the superior court's actions as though the court had entered a Rule 12(b)(6) dismissal after exclusion of the outside materials, we have concluded that the trial court erred in its dismissal of the instant complaint. Further, in our review of the matter as if it had been converted to a summary judgment proceeding, we also conclude that the superior court erred in granting summary judgment.

The basic requirements of pleading are summarized in Alaska R.Civ.P. 8.[11] Under this modern, "liberal" rule of pleading, the main purpose of the complaint is to provide notice to the opposing party of the nature of the claim being asserted.[12] This threshold notice requirement was met in this case. The comprehensiveness of the motion to dismiss which Mears filed in lieu of an answer makes it clear that Mears was fully apprised of the nature of the claim for specific performance made by Martin.

However, "a complaint must 'disclose information from which a court could conclude that a valid claim is alleged showing the pleader is entitled to relief.' "[13] Here Mears argued, and the superior court apparently agreed, that the relief sought by the complaint was not available because of the provisions of Alaska's statute of frauds. It is generally considered appropriate for a party to raise an affirmative defense, such as the statute of frauds, by a motion to dismiss under Rule 12(b), despite the fact that "Rule 8(c) might seem to imply that

---

In several of the federal circuit courts, Rule 12(b) has been interpreted to require the trial court to inform the parties that it is treating the 12(b)(6) motion as one for summary judgment. As the Second Circuit in *Dale v. Hahn*, 440 F.2d 633, 638 (2d Cir. 1971), concluded:

It seems fair to include within the term 'reasonable opportunity' some indication by the court to 'all parties' that it is treating the 12(b)(6) motion as one for summary judgment.

Of course, in this case no such notice was given to the parties, as it appears that the superior court itself continued to consider Mears' motion as one for dismissal rather than summary judgment.

**11.** Alaska R.Civ.P. 8 provides:

(a) *Claims for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

. . . . .

(e) *Pleading to Be Concise and Direct — Consistency.*

(1) Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required.

. . . . .

(f) *Construction of Pleading.* All pleadings shall be so construed as to do substantial justice.

**12.** *See Schaible v. Fairbanks Medical & Surgical Clinic, Inc.,* 531 P.2d 1252, 1255–56 (Alaska 1975). *Schaible* contains our most comprehensive discussion of the requirements which a complaint must meet. *See also* 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1215, at 109–10 (1969 & Supp.1979).

**13.** *Nizinski v. Currington,* 517 P.2d 754, 755 (Alaska 1974). *See* Alaska R.Civ.P. 8(a), which is set out in note 11 *supra. See also Schaible v. Fairbanks Medical and Surgical Clinic, Inc.,* 531 P.2d 1252, 1256 (Alaska 1975); *Dworkin v. First Nat'l Bank of Fairbanks,* 444 P.2d 777, 778 (Alaska 1968).

affirmative defenses may be raised only by a pleading." [14]

■ A complaint is subject to dismissal under Civil Rule 12(b)(6) "when its allegations indicate the existence of an affirmative defense, but the defense must clearly appear on the face of the pleading." [15]

For example, a complaint in an action seeking specific performance for the sale of land that alleges an oral agreement defeats itself by showing a prima facie defense of the statute of frauds.[16]

While Mears relied on this rule of law in his motion for dismissal, it cannot be said that Martin's complaint in fact alleged an oral contract as the basis for relief. Instead, it somewhat obliquely alleged:

That said severance and option agreement contemplated severance by plaintiff, at a future date, of an equivalent parcel upon the same terms and conditions and upon granting a similar option (right of first refusal) to defendant Mears.

■ Even though Martin's opposition to the motion to dismiss framed its arguments as though only an oral agreement was asserted as the basis for relief,[17] his complaint did not clearly allege this fact and dismissal could be viewed as inappropriate for that reason. But, even if Martin's complaint is interpreted as alleging an oral contract as the basis for relief, "a statute of frauds defense can be avoided if the complaint indicates that there has been part performance of the oral contract." [18] Both Martin's complaint [19] and his arguments in

---

**14.** 2A Moore's Federal Practice ¶ 8.28, at 1863 (1975 & Supp.1978–79). Alaska R.Civ.P. 8(c) provides:.

    (c) *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

There are numerous cases holding that the statute of frauds may be raised in this manner. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357, at 609 n.7 (1969 & Supp.1979). *But see Currier v. Knapp,* 442 F.2d 422 (3d Cir. 1971).

We also have recognized the propriety of raising an affirmative defense by a 12(b)(6) motion. *Nizinski v. Currington,* 517 P.2d 754 (Alaska 1974) (affirmative defense of absolute privilege for defamatory testimony by a witness in a judicial proceeding).

**15.** 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357, at 605–06 (1969 & Supp.1979). *See Nizinski v. Currington,* 517 P.2d 754, 757 n.6 (Alaska 1974).

**16.** 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1226, at 158 (1969 & Supp.1979).

**17.** At one point in Martin's memorandum in opposition to the motion for dismissal, it was stated:

    All the documents which reflected the agreement of the parties were prepared by [the partners' attorney] and were signed by Mr. Martin. These documents remain on file with [the attorney]. One of the documents signed by Mr. Martin was the grant deed which conveyed the severed lot to Mears. Mears subsequently refused to sign any of the documents, even though Martin had signed them in good faith reliance upon Mears' promise to do so.

On appeal, Martin has argued that writings "may exist" which satisfy the statute of frauds, and which might be discovered in the process of the litigation. It is impossible for us to assess the strength of this assertion.

**18.** 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1226, at 158 (1969 & Supp.1979). AS 09.25.020 provides that part performance is an exception to the statute of frauds.

    *Exceptions to statute of frauds.* A contract, promise, or agreement which is subject to § 10 of this chapter, which does not satisfy the requirements of that section, but which is otherwise valid is enforceable if

    (1) there has been full performance on one side accepted by the other in accordance with the contract . . . ..

*Compare Mitchell v. Land,* 355 P.2d 682, 686 (Alaska 1960) (part performance doctrine not applicable to damage claim).

**19.** Paragraph XIII of the complaint alleged:

    That Plaintiff detrimentally relied upon the aforesaid Agreement, bestowing benefit thereunder upon defendant, who accepted such performance and the benefits of separate ownership of the described premises without rendering to plaintiff the performance in kind which plaintiff reasonably expected when releasing his interest in the lot selected by defendant.

opposition to the motion for dismissal made it abundantly clear that Martin was alleging facts which disclosed that the contract was not wholly executory as well as part performance to avoid the statute of frauds.

Most of Mears' assertions in favor of his motion for dismissal in the superior court were directed not at the sufficiency of the complaint in terms of Alaska's liberal pleading requirements, but rather attacked the complaint for failing to plead facts sufficient to prove part performance and a right to specific performance. As we have stated:

> In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[20]

It is our opinion that it is not beyond doubt that Martin could not prove facts sufficient to establish his claim for the equitable remedy of specific performance of the alleged agreement. While Mears' arguments, and perhaps the superior court's attention, were directed at the problems of proof which Martin faces in pursuing his claim, the complaint should not be dismissed "merely because the court doubts plaintiff will prevail in the action."[21] We therefore conclude that Martin's complaint adequately stated a claim for relief, and that the superior court's decision was erroneous if it is examined as the Rule 12(b)(6) order of dismissal it purports to be.

We reach a similar conclusion treating the matter as a motion which had been converted to one for summary judgment. Appellate court will exercise the power to view the dismissal as being one involving a motion for summary judgment where "the record clearly presents the issue as to whether summary judgment should be entered and both parties have had a reasonable opportunity to present affidavits and other evidence." Then, "for the sake of judicial economy, appellate courts generally will make an immediate determination of the issue rather than remanding the cases to the [trial] court for disposition."[22]

In *Jennings v. State,* 566 P.2d 1304, 1308–09 (Alaska 1977), we said:

> In order to prevail on a motion for summary judgment, a party must show the absence of an issue relating to any material fact and entitlement to judgment as a matter of law. If there is any genuine issue of material fact to be tried, a grant of summary judgment would deprive a party of his or her right to a [trial] on that issue of fact. Thus, we have declared that the burden of showing the absence of a genuine issue of fact is on the movant. [footnotes omitted]

At the outset of this opinion, we set forth in considerable detail the numerous documents outside of the pleadings which were presented to the superior court and not

We find Mears' reliance upon *Beckendorf v. Beckendorf,* 76 Wash.2d 457, 457 P.2d 603 (1969), and *Thompson v. Hunstad,* 53 Wash.2d 87, 330 P.2d 1007 (1958), unpersuasive in the context of a Civil Rule 12(b)(6) motion for dismissal. Whether Martin's assertions of part performance unmistakably point to the existence of the claimed agreement is a question which is ill-suited to resolution upon a Rule 12(b)(6) motion for dismissal.

20. *Schaible v. Fairbanks Medical and Surgical Clinic, Inc.,* 531 P.2d 1252, 1257 (Alaska 1975), quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80, 84 (1957) (footnote omitted). *See also Kamstra v. Bolles,* 434 P.2d 539, 541 (Alaska 1967); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1215, at 113 (1969 & Supp.1979); 2A Moore's Federal Practice ¶ 12.08, at 2271–74 (1975 & Supp.1978–79).

21. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1357, at 602 (1969 & Supp.1979).

22. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1366, at 680 n.67 (1969 & Supp.1979). *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 357 n.4, 79 S.Ct. 468, 472 n.4, 3 L.Ed. 368, 374 n.4 (1959); *S & S Logging Co. v. Barker,* 366 F.2d 617, 623 (9th Cir. 1968); *Thompson v. New York Cent. R. R. Co.,* 361 F.2d 137 (2d Cir. 1966).

excluded by the court.[23] These documents show that the parties treated the matter as though a motion for summary judgment had been filed. Review of these materials show that Mears did not meet his burden of showing that there is no genuine issue of material fact. To the contrary, the record shows most material facts to be strongly disputed by the parties. In short, we are of the opinion that the materials in question raise triable issues of fact as to whether Martin's past performance was sufficient to take the matter out of the ambit of the statute of frauds or in the alternative, that documents were signed by Mears, or his agent, which would take the matter out of the statute.

The superior court's dismissal of Martin's complaint is Reversed and Vacated, and the matter remanded for further proceedings not inconsistent with this opinion.