**James HAYNES, Appellant,**

v.

**Michelle McCOMB and Alaska Public Defender Agency, Appellees.**

No. S–11977.

Supreme Court of Alaska.

Nov. 17, 2006.

James Haynes, pro se.

James E. Cantor, Assistant Attorney General, Anchorage, David W. Márquez, Attorney General, Juneau, for Appellees.

---

**2.** *Parker v. State,* 90 P.3d 194, 199–200 (Alaska App.2004) (emphasis added).

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

## OPINION

MATTHEWS, Justice.

In this legal malpractice case, James Haynes sued his former criminal defense attorney, Michelle McComb, and her employer, the Alaska Public Defender Agency (collectively referred to here as "McComb"). McComb was awarded summary judgment based on the affirmative defense of actual guilt.[1] McComb based her showing on the opinion of the court of appeals affirming Haynes's conviction.[2] But the conviction had been vacated by stipulation on Haynes's petition for post-conviction relief.

If the conviction had remained in effect, McComb could have relied on the court of appeals opinion. A civil litigant is collaterally estopped from relitigating any element of a criminal charge of which he stands convicted.[3] The recitation of facts in the court of appeals opinion would be useable under this principle to show the necessary elements of the crime of which Haynes was convicted. But Haynes's conviction did not remain in effect. Therefore, the court of appeals opinion could not be used as a collat-

eral estoppel bar. Nor did the opinion have an evidentiary use because in order to use a conviction as evidence of conduct underlying the conviction, it must also remain in effect.[4]

McComb argues that Haynes failed to raise any issues of material fact indicating his innocence. While this is arguably incorrect because Haynes's verified complaint asserts his innocence, albeit in a conclusory fashion, it is also irrelevant given the current posture of this case. A summary judgment movant has the burden of presenting evidence that would be admissible if presented at trial that, if unrefuted, shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.[5] Here, as already noted, McComb did not rely on evidence that would be admissible if presented at trial, and therefore she did not make a prima facie showing of actual guilt. Without such a showing, Haynes, as the opponent to a summary judgment motion, had no obligation to present evidence showing that genuine issues existed.[6] Likewise, since collateral estoppel was unavailable to her, McComb did not demonstrate that she was entitled to judgment as a matter of law.

For these reasons, we REVERSE the judgment of the superior court and RE-

1. A former criminal defendant who sues his defense attorney for malpractice must, if he has been convicted, obtain post-conviction relief in order to maintain the malpractice action. *Shaw v. State, Dep't of Admin., Pub. Defender Agency*, 816 P.2d 1358, 1359 (Alaska 1991). When post-conviction relief has been obtained, actual guilt is nonetheless an affirmative defense to the malpractice action. *Shaw v. State, Dep't of Admin.*, 861 P.2d 566, 570–72 (Alaska 1993). Actual guilt refers to "a determination in a civil trial, by a preponderance of the evidence, that the defendant engaged in the conduct he was accused of in the prior criminal proceeding." *Id.* at 570 n. 3.

2. *Haynes v. State*, 15 P.3d 1088 (Alaska App. 2001).

3. *Burcina v. City of Ketchikan*, 902 P.2d 817, 822 (Alaska 1995).

4. *See Scott v. Robertson*, 583 P.2d 188, 192 (Alaska 1978) (reasoning that a prior conviction may not be used as evidence "where there is a substantial question as to its validity").

5. *E.g., Guerrero v. Alaska Hous. Fin. Corp.*, 123 P.3d 966, 971 (Alaska 2005). *Guerrero* states:

   To prevail on a motion for summary judgment, the moving party must offer admissible evidence demonstrating that there are no disputed issues of material fact and "the moving party is entitled to judgment as a matter of law." Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to "demonstrate that a genuine issue of fact exists to be litigated by showing that it can produce admissible evidence reasonably tending to dispute the movant's evidence."

   *Id.* (citations omitted).

6. *E.g., Hymes v. Deramus*, 119 P.3d 963, 968 n. 22 (Alaska 2005) ("The non-moving party need not demonstrate the existence of a genuine issue until the moving party makes a prima facie showing of its entitlement to judgment on established facts." (internal quotations omitted) (quoting *Alaska Travel Specialists v. First Nat'l Bank of Anchorage*, 919 P.2d 759, 762 (Alaska 1996))).

MAND this case for further proceedings consistent with this opinion.