Siegfried PEDERSEN, Appellant,

v.

Daniel BLYTHE and Bobbie
Luxford, Appellees.

No. S–14620.

Supreme Court of Alaska.

Nov. 16, 2012.

Rehearing Denied Jan. 24, 2013.

Siegfried Pedersen, pro se, Hudson, Colorado, Appellant.

Notice of nonparticipation filed by Daniel Blythe and Bobbie Luxford, Willow, Appellees.

Before: FABE, Chief Justice, WINFREE, STOWERS, and MAASSEN, Justices.

## OPINION

MAASSEN, Justice.

## I. INTRODUCTION

Siegfried Pedersen was convicted of assault and weapons misconduct. He brought a civil suit against the victims of those crimes, Daniel Blythe and Bobbie Luxford, alleging defamation and trespass. The superior court granted the defendants' motion to dismiss on grounds of collateral estoppel. Pedersen appeals.

We conclude that the superior court erred when, in deciding the motion to dismiss, it considered matters outside the pleadings without advising Pedersen of its intent to do so and giving him a reasonable opportunity to respond. We hold that this error is harmless with regard to Pedersen's defamation claims. We also hold, however, that it was plain error for the superior court to dismiss Pedersen's trespass claims, claims to which collateral estoppel did not apply. We therefore affirm the superior court's judgment on the defamation claims and reverse and remand on the trespass claims.

## II. FACTS AND PROCEEDINGS

Pedersen, Blythe, and Luxford were neighbors in Willow, where Blythe and Luxford share a residence. Tension grew when Pedersen alleged that Blythe had repeatedly trespassed on his property. Blythe and Lux-

ford reported to the Alaska State Troopers that on September 13, 2009, Pedersen parked his car in their driveway, fired a weapon at their residence, and drove away. Criminal and civil proceedings arose from this incident (hereafter "September incident").

In February 2011, after a criminal trial on the September incident, a jury found Pedersen guilty of criminal misconduct involving weapons for firing at a dwelling,[1] criminal misconduct involving weapons for firing from or on a highway,[2] and assault.[3] Blythe and Luxford were the victims. In March 2011 Pedersen filed an appeal, now pending in the court of appeals.

Meanwhile, in November 2010 Pedersen filed a pro se complaint against Blythe and Luxford in the superior court, seeking "exemplary and punitive" damages. Pedersen alleged that Blythe and Luxford defamed him with their statements to the troopers about the September incident. He also claimed that Blythe trespassed on his property in May and November 2009.[4]

Blythe and Luxford filed a motion to dismiss based on collateral estoppel, relying solely on Pedersen's conviction. The court granted the motion with a single sentence: "Considering criminal conviction in 3PA–09–2426CR the court finds that as a matter of law plaintiff['s] complaint should be dismissed."

Pedersen appeals pro se. He argues only that collateral estoppel does not apply and that he should succeed on his defamation claims. Blythe and Luxford have not participated in this appeal.

## III. STANDARDS OF REVIEW

We review a motion to dismiss de novo, construing the complaint liberally and accepting as true all factual allegations.[5] In reviewing a motion to dismiss, we do not consider materials outside the complaint and its attachments.[6]

Whether a statement is defamatory and whether collateral estoppel applies are both questions of law that we review de novo.[7]

We review for plain error issues not preserved for appeal.[8] Plain errors are obvious mistakes that create "a high likelihood that injustice has resulted."[9] But we must disregard harmless errors that have no substantial effect on the rights of parties or on the outcome of the case.[10]

## IV. DISCUSSION

### A. The Superior Court Must Give Notice Of Its Intent To Consider Evidence Outside The Pleadings When Deciding A Motion To Dismiss.

If a party submits a motion to dismiss that relies on materials outside the

---

1. AS 11.61.195(a)(3)(B).

2. AS 11.61.210(a)(2).

3. AS 11.41.220(a)(1)(A).

4. Pedersen also alleged in his complaint that the "[t]roopers failed in their due diligence" and violated his constitutional rights. We do not discuss his constitutional claims further because no state actors were parties to the suit and Blythe and Luxford cannot be held liable for constitutional violations. *Belluomini v. Fred Meyer of Alaska, Inc.,* 993 P.2d 1009, 1015 (Alaska 1999) ("[S]tate and federal courts have historically recognized that the constitution protects individuals from state action but not from similar deprivations by private actors.").

5. *Caudle v. Mendel,* 994 P.2d 372, 374 (Alaska 1999) (citing *Kollodge v. State,* 757 P.2d 1024, 1026 n. 4 (Alaska 1988)).

6. *Larson v. State, Dep't of Corr.,* 284 P.3d 1, 7 (Alaska 2012) (citing *Adkins v. Stansel,* 204 P.3d 1031, 1035 n. 20 (Alaska 2009); *Dworkin v. First Nat'l Bank of Fairbanks,* 444 P.2d 777, 779–80 (Alaska 1968)).

7. *DeNardo v. Bax,* 147 P.3d 672, 677 (Alaska 2006); *Rapoport v. Tesoro Alaska Petroleum Co.,* 794 P.2d 949, 951 (Alaska 1990).

8. *Marcia V. v. State,* 201 P.3d 496, 502 (Alaska 2009) (citing *In re Adoption of L.E.K.M.,* 70 P.3d 1097, 1100 (Alaska 2003)).

9. *Id.* (quoting *Miller v. Sears,* 636 P.2d 1183, 1189 (Alaska 1981)).

10. Alaska R. Civ. P. 61; *Coulson v. Marsh & McLennan, Inc.,* 973 P.2d 1142, 1146 (Alaska 1999) (citing Alaska R. Civ. P. 61; *Veal v. Newlin, Inc.,* 367 P.2d 155, 157 n. 8 (Alaska 1961)).

pleadings, the superior court may either exclude the evidence or convert the motion into one for summary judgment.[11] In either event, the court must "expressly state whether [it has] in fact excluded or considered [outside] materials" in reaching its decision.[12] If the court converts the motion to one for summary judgment, it must give opposing parties a "reasonable opportunity to present all materials made pertinent."[13] The "reasonable opportunity" is particularly important for pro se parties, given that trial judges are obligated to inform pro se litigants of procedural requirements such as "the necessity of submitting affidavits to preclude summary judgment."[14]

We have implied in the past that courts may consider materials outside the pleadings on a motion to dismiss if those materials are subject to "strict judicial notice."[15] Other authorities have found "strict judicial notice" to encompass statutes and regulations, matters of public record (including other court proceedings), and matters of common knowledge.[16] But just as it does when converting a motion to dismiss, the court must give notice to the opposing party of its intent to take judicial notice and "afford him an opportunity to dispute the facts judicially noticed."[17]

The motion to dismiss submitted by Blythe and Luxford relied solely on Pedersen's criminal conviction, and the superior court relied solely on the conviction in its order of dismissal. However, the superior court did not give Pedersen notice that it was converting the motion to dismiss to a motion for summary judgment, nor did it notify him that it intended to take judicial notice of the conviction. Assuming that Pedersen's criminal conviction was the type of public record of which the court could take strict judicial notice without converting the motion to dismiss into one for summary judgment, the court was still required to give Pedersen express notice of its intent to rely on the conviction, which it failed to do. This was error.

## B. The Court's Failure To Give The Required Notice Before Dismissing Pedersen's Defamation Claims Was Harmless Error.

We find the lack of notice to be harmless error, however, with regard to Pedersen's defamation claims. Pedersen alleged to be defamatory (1) the defendants' statements that he had fired shots at their dwelling, and (2) Blythe's statement that he had seen Pedersen's vehicle in the defendants' driveway.

A criminal conviction prevents a person from relitigating in a civil suit "any element of a criminal charge of which he stands convicted."[18] A pending appeal of the criminal conviction "is irrelevant for the purposes of res judicata and collateral estoppel."[19] A successful defamation claim must

11. Alaska R. Civ. P. 12(b).

12. *Martin v. Mears*, 602 P.2d 421, 426 (Alaska 1979).

13. Alaska R. Civ. P. 12(b); *Martin*, 602 P.2d at 426; *see also Demmert v. Kootznoowoo, Inc.*, 960 P.2d 606, 612 (Alaska 1998) ("A party opposing a motion for summary judgment is entitled to conduct discovery germane to its opposition.").

14. *Genaro v. Municipality of Anchorage*, 76 P.3d 844, 846 (Alaska 2003) (quoting *Coffland v. Coffland*, 4 P.3d 317, 321 (Alaska 2000); *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987)).

15. *Martin*, 602 P.2d at 426 n. 6 (quoting *Schwartz v. Commonwealth Land Title Ins. Co.*, 374 F.Supp. 564, 578 (E.D.Pa.1974)).

16. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir.2010); *Schwartz*, 374 F.Supp. at 578; 61A AM JUR.2D *Pleading* § 529 (2012) ("In addition, the court may consider matters which are properly the subject of strict judicial notice, such as state statutes or regulations, matters of public record, and matters of common knowledge.").

17. *Schwartz*, 374 F.Supp. at 579 (citing 9 J. WIGMORE ON EVIDENCE 2568 (3d ed.1940); *Soley v. Star & Herald Co.*, 390 F.2d 364 (5th Cir.1968)).

18. *Haynes v. McComb*, 147 P.3d 700, 701 (Alaska 2006) (citing *Burcina v. City of Ketchikan*, 902 P.2d 817, 822 (Alaska 1995)).

19. *Wyatt v. Wyatt*, 65 P.3d 825, 831 (Alaska 2003) (citing *Lyman v. State*, 824 P.2d 703, 705 (Alaska 1992)) (applying rule to collateral estoppel). We also observed in *Wyatt* that a "motion to vacate any judgment resting on the preclusive effect of the earlier judgment following its reversal would provide adequate relief" if an appeal were later successful. *Id.*

establish the existence of "a false and defamatory statement," among other factors.[20] A statement "is defamatory if it tends to harm the reputation of another." [21]

■ After a full criminal trial, a jury found beyond a reasonable doubt that Pedersen "discharged [a] firearm at or in the direction of a dwelling." Pedersen does not raise any colorable argument on appeal as to why the superior court in this case was not obliged to accept that finding as true for purposes of collateral estoppel, nor can we discern any from our own review of the record.[22] As for Blythe's statement about seeing Pedersen's vehicle in his driveway, it is not defamatory on its face, as it does not on its own tend to harm Pedersen's reputation; the statement is defamatory only if taken to impute a serious crime to Pedersen.[23] This is in fact how Pedersen construes it. But a jury already convicted Pedersen of that serious crime, so it is not a false statement. Accordingly, Pedersen is collaterally estopped from litigating the "false and defamatory" element of his defamation claims, and the superior court's procedural error, in failing to expressly notify him of its intent to rely on his conviction, cannot have affected this result.

### C. The Dismissal Of Pedersen's Trespass Claims Requires Remand.

■ Pedersen's complaint also alleged that Blythe committed trespass in May and November 2009. Construing the complaint liberally, and accepting as true all factual allegations,[24] we find that these claims are sufficient to survive a motion to dismiss. Furthermore, these tort claims could not have been subject to collateral estoppel—the sole basis for the superior court's order of dismissal—as they were apparently unrelated to Pedersen's criminal convictions based on the September incident.

■ Pedersen argues that the "trial [c]ourt abused any discretion it may have had by dismissing the case in error, given [that] [c]ollateral [e]stoppel does not apply," but his brief does not specifically address dismissal of his trespass claims. We nonetheless consider them because he is proceeding pro se and because it appears that it was plain error for the court to implicitly dismiss those claims on the basis of collateral estoppel.[25] We reverse the superior court's dismissal of the trespass claims and remand to the superior court for consideration of those claims.

## V. CONCLUSION

For the foregoing reasons, the judgment in this case is AFFIRMED in part and REVERSED in part. The matter is REMANDED for further proceedings consistent with this opinion.

CARPENETI, Justice, not participating.

---

20. *State v. Carpenter*, 171 P.3d 41, 51 (Alaska 2007) (citing *French v. Jadon Inc.*, 911 P.2d 20, 32 (Alaska 1996)).

21. *MacDonald v. Riggs*, 166 P.3d 12, 16 (Alaska 2007) (quoting *Green v. N. Publ'g Co.*, 655 P.2d 736, 739 (Alaska 1982)).

22. *See Lamb v. Anderson*, 147 P.3d 736, 739 (Alaska 2006) (quoting *Scott v. Robertson*, 583 P.2d 188, 193 & n. 27 (Alaska 1978)) ("'[W]e adopted the rule that a criminal conviction resulting from a jury trial could be introduced as 'conclusive proof' (rather than merely persuasive evidence) 'of the facts necessarily determined.'").

23. Defamation damages are appropriate where "words impute a serious crime to the plaintiff." *French*, 911 P.2d at 33. *See also* Restatement (Second) of Torts § 571 (1977) ("One who publishes a slander that imputes to another conduct constituting a criminal offense is subject to liability ... if the offense imputed is of a type which ... would be (a) punishable by imprisonment ... or (b) regarded by public opinion as involving moral turpitude.").

24. *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 4 (Alaska 2012) (citing *Clemensen v. Providence Alaska Med. Ctr.*, 203 P.3d 1148, 1151 (Alaska 2009); *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000)).

25. *See Tracy v. State, Dep't of Health & Soc. Servs., Office of Children Servs.*, 279 P.3d 613, 618 (Alaska 2012) (considering a claim and finding plain error even though pro se litigants failed to develop the argument).