*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| WILLIAM M. FOONDLE, | ) | |
| | ) | Supreme Court No. S-15045 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KN-11-00842 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ANGELA M. O'BRIEN, DANIEL B. | ) | |
| LORD, JOE S. MONTAGUE, and | ) | No. 6995 - April 3, 2015 |
| QUINLAN G. STEINER, Executive | ) | |
| Director of the Alaska Public Defender | ) | |
| Agency, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Anna Moran, Judge.

Appearances: William M. Foondle, Appellant, Minot, North Dakota, pro se. Ali Moser Rahoi, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellees.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

William Foondle appeals the superior court's dismissal of his claims for legal malpractice against the public defenders who represented him in a criminal case.

In dismissing Foondle's malpractice claims, the superior court relied on the public policy principle that precludes criminally convicted plaintiffs from civil recovery based on the alleged negligence of their former defense counsel. We hold that the superior court's legal analysis was correct, and we affirm the judgment on that basis. We reject, as unsupported, Foondle's argument that the dismissal violated his rights to due process and access to the courts. Finally, we affirm the award of attorney's fees to the public defenders because they prevailed on the merits of Foondle's claims.

## II. FACTS AND PROCEEDINGS

### A. Criminal Proceedings And Post-Conviction Relief

A grand jury indicted William Foondle for felony driving under the influence (DUI) in 2007. The DUI charge was a felony because Foondle had been convicted of DUI twice in the preceding ten years: once earlier in 2007 and once in North Dakota in 1999.[1] Assistant public defenders Angela O'Brien and Daniel Lord were assigned to defend Foondle.

Foondle testified during his jury trial that the North Dakota DUI conviction resulted from a mistake; he explained that after he signed a plea of guilty to driving with a suspended license, the prosecuting attorney unilaterally changed the charge to DUI without Foondle's consent, then filed the altered plea with the court. Foondle testified that the North Dakota DUI remained on his record because he had been unsuccessful in his attempts to withdraw or appeal it. But the jury apparently rejected his testimony that it was a mistaken plea, finding him guilty of felony DUI.

---

[1]    *See* AS 28.35.030(n) ("A person is guilty of a class C felony if the person is convicted under (a) of this section and . . . has been previously convicted two or more times since January 1, 1996, and within the 10 years preceding the date of the present offense. . . .").

O'Brien, one of Foondle's public defenders, filed a sentencing memorandum arguing that the North Dakota DUI should not be viewed as a prior conviction for sentencing purposes and that Foondle should therefore be sentenced for a misdemeanor rather than felony DUI. While awaiting sentencing, Foondle made the same argument pro se in a habeas corpus petition and in a separate petition for post-conviction relief. At some point before sentencing he discharged his public defenders, and his two petitions were consolidated for decision before Superior Court Judge Carl Bauman, who had presided over Foondle's criminal trial and who appointed new counsel for purposes of the proceedings for post-conviction relief.

Judge Bauman held an evidentiary hearing at which he received records from the North Dakota proceedings and heard testimony from a North Dakota court clerk and state attorney; he then issued a written decision. He found by clear and convincing evidence that the North Dakota plea agreement Foondle signed was changed from driving with a suspended license to a DUI without Foondle's knowledge or consent, compromising his fundamental constitutional rights. Judge Bauman concluded that the North Dakota DUI conviction would therefore be "set aside for purposes of sentencing [Foondle] on his 2008 DUI conviction in [Alaska]." By another order entered the same day, Judge Bauman ruled that "Defendant's felony DUI conviction is set aside and a conviction under the misdemeanor DUI criteria shall be entered and Defendant shall be sentenced under [those] misdemeanor criteria." Foondle was sentenced for a misdemeanor DUI.

## B. Civil Suit For Legal Malpractice

In 2011, acting pro se, Foondle sued O'Brien and Lord along with their supervisors, Joe Montague and Quinlan Steiner. In an amended complaint he alleged negligence and intentional tort for the attorneys' alleged failure to adequately investigate

the North Dakota DUI. He alleged that the judgment of conviction was void because of a "fatal flaw" in the indictment: it charged a felony, but one of the facts that made it a felony was successfully challenged and then disregarded for sentencing purposes. He alleged that he had rights to appeal his DUI conviction, the decision on post-conviction relief, and the sentencing, but he lost those rights because his attorneys failed to appeal. He claimed that his attorneys' negligence caused him to serve a longer time in prison and triggered a revocation of his federal probation, all of which resulted in debt, lost income, lost consortium, and depression.[2] He alleged that his post-conviction relief petition was badly handled as well, though he did not sue the lawyer who handled it.

The public defenders moved under Alaska Civil Rule 12(b)(6) to dismiss Foondle's complaint for failure to state a claim.[3] Superior Court Judge Anna Moran granted Foondle leave to amend his complaint, but a day later she granted as unopposed the public defenders' motion to dismiss the case with prejudice. The public defenders asked the court to clarify whether the dismissal with prejudice mooted the order granting leave to amend, then moved for entry of final judgment. Foondle opposed the entry of final judgment; he also filed his amended complaint, which attached as an exhibit a copy of Judge Bauman's order granting his petition for post-conviction relief.

---

[2]     Foondle alleges that he served "almost nineteen (19) months" because of his attorneys' malpractice, and that his DUI conviction also constituted a probation violation that triggered a "substantially longer" federal sentence. The specifics of these claims are not apparent from the record on this appeal.

[3]     Though denominated a motion to dismiss, the motion attached a number of exhibits consisting of documents from Foondle's criminal case. The public defenders cited *Nizinski v. Currington*, 517 P.2d 754, 756 (Alaska 1974), in support of the proposition that records from other court cases are properly considered on a motion to dismiss. There is no dispute about the course of proceedings in the criminal case.

Judge Moran issued another written decision in which she again dismissed Foondle's claims with prejudice pursuant to Civil Rule 12(b)(6) and granted the public defenders' request that final judgment be entered in their favor. Relying on *Shaw v. State, Department of Administration*[4] and *Howarth v. State, Public Defender Agency*,[5] among other Alaska precedents, Judge Moran explained that Foondle's conviction of misdemeanor DUI barred him from any civil recovery for attorney malpractice related to that conviction because, for reasons of public policy, his incarceration had to be viewed as resulting solely from his own criminal acts. Judge Moran awarded attorney's fees to the public defenders, as prevailing parties, in the amount of $4,740.

Foondle argues on appeal that the superior court erred in three ways in dismissing his malpractice complaint: 1) it misapplied public policy; 2) it unconstitutionally deprived him of due process and access to the courts by deciding the case short of trial; and 3) it should not have awarded attorney's fees to the public defenders as prevailing parties.

## III. STANDARDS OF REVIEW

We review de novo an order dismissing a complaint for failure to state a claim.[6] "The court must presume all factual allegations of the complaint to be true and [make] all reasonable inferences . . . in favor of the non-moving party."[7] We affirm the dismissal of a complaint for failure to state a claim only if "it appears beyond doubt" that

---

[4]    861 P.2d 566, 571 (Alaska 1993).

[5]    925 P.2d 1330, 1336-37 (Alaska 1996).

[6]    *Valdez Fisheries Dev. Ass'n v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 664 (Alaska 2002).

[7]    *Caudle v. Mendel*, 994 P.2d 372, 374 (Alaska 1999) (quoting *Kollodge v. State*, 757 P.2d 1024, 1026 (Alaska 1988)) (alteration in original).

the plaintiff "can prove no set of facts which would entitle [him] to relief."[8] Whether the right to due process has been violated "is a question of law to which we apply our independent judgment."[9] We review "a trial court's prevailing party determination for abuse of discretion."[10]

## IV. DISCUSSION

### A. The Superior Court Did Not Err When It Relied On *Shaw* And *Howarth* To Dismiss Foondle's Malpractice Claims.

We have recognized significant public policy constraints on the ability of persons convicted of crimes to recover from their criminal defense attorneys for professional malpractice, observing that "civil recovery should not be a tool for shifting an individual's responsibility for the individual's criminal acts."[11] We held in *Shaw v. State, Department of Administration* that "if plaintiffs engaged in the criminal conduct they are accused of, then they alone should bear full responsibility for the consequences of their acts, including imprisonment. Any subsequent negligent conduct by a plaintiff's attorney is superseded by the greater culpability of the plaintiff's criminal conduct."[12]

---

[8]   *Valdez Fisheries*, 45 P.3d at 664.

[9]   *Godfrey v. State, Dep't. of Cmty. & Econ. Dev.*, 175 P.3d 1198, 1201 (Alaska 2007).

[10]   *Schultz v. Wells Fargo Bank, N.A.*, 301 P.3d 1237, 1241 (Alaska 2013) (quoting *Taylor v. Moutrie-Pelham*, 246 P.3d 927, 928-29 (Alaska 2011)).

[11]   *Shaw v. State, Dep't of Admin.*, 861 P.2d 566, 571 (Alaska 1993); *see also Howarth v. State, Public Defender Agency*, 925 P.2d 1330, 1335-36 (Alaska 1996).

[12]   861 P.2d at 572.

We also held in *Shaw* that the plaintiff's "actual innocence" is critical to his malpractice claim.[13] Other courts have recognized that "[t]he rationale for requiring proof of actual innocence is to eliminate the possibility that someone who has been found guilty of a crime would profit from his criminal activity,"[14] and we agree with this rationale. It follows that "actual innocence" requires the malpractice plaintiff to be innocent not only of the crime charged, but of lesser included offenses as well.[15]

We held in *Shaw* that the burden of proof on this element is with the attorney-defendant, who must raise actual guilt as an affirmative defense and prove it by a preponderance of the evidence.[16] In this case, the public defenders' motion to dismiss

---

[13] *Id.*

[14] *Fink v. Banks*, 996 N.E.2d 169, 174 (Ill. App. 2013).

[15] *See Shaw*, 861 P.2d at 570 n.4 (citing *Bailey v. Tucker*, 621 A.2d 108, 113 (Pa. 1993)); *see also id.* at 571-72; *Howarth v. State, Public Defender Agency*, 925 P.2d 1330, 1332 (Alaska 1996) ("One whose incarceration results from his own intentional acts may not receive a damage award from another whose negligence also caused or contributed to the incarceration."); *Sangha v. La Barbera*, 52 Cal. Rptr. 3d 640, 646 (Cal. App. 2006) (holding that the malpractice plaintiff must show actual innocence and post-conviction exoneration on "any guilty finding for a lesser included offense, even though plaintiff alleges he received negligent representation only on the greater offense"); *Fink*, 996 N.E.2d at 174 ("[T]he hallmark of actual innocence is 'total vindication' or 'exoneration.' ") (citation omitted); MALLEN & SMITH, LEGAL MALPRACTICE § 27:13, at 1268 (2014 ed.) (explaining that courts have invoked policy considerations in imposing the requirement that "actual innocence" mean that the client be "free of guilt of a lesser or otherwise related offenses").

[16] 861 P.2d at 572.

properly raised the affirmative defense that Foondle was actually guilty of misdemeanor DUI.[17]

The superior court granted the motion to dismiss on that basis. The superior court noted, correctly, that while Foondle "successfully challenged the categorization of [his DUI] conviction as a felony . . . , the facts of his conduct underlying the DUI charge — whether it be felony or misdemeanor DUI — remain the same: that plaintiff Foondle had committed the criminal conduct of driving under the influence." Foondle "stood accused and convicted of the essential elements of DUI under AS 28.35.030."

Our decision in this case is guided by our decision in *Howarth v. State, Public Defender Agency*.[18] The plaintiff in *Howarth* had pleaded nolo contendere to first degree sexual assault and was sentenced to ten years in prison; seven years later he was allowed to withdraw his plea after a court found that his public defender had counseled him inadequately about certain evidence.[19] Pending retrial, he pleaded nolo contendere to second degree sexual assault on the prosecution's agreement that it would seek no more than a six-year sentence; the plaintiff was immediately released as a result, having already served nearly seven years.[20] He sued the public defender for malpractice, contending that he spent more time in prison than he would have if his lawyer had not

---

[17] A complaint may be dismissed under Alaska Civil Rule 12(b)(6) "when an affirmative defense appears clearly on the face of the pleading." *Providence Wash. Ins. Co. of Alaska v. McGee*, 764 P.2d 712, 714 (Alaska 1988).

[18] 925 P.2d 1330 (Alaska 1996).

[19] *Id.* at 1331.

[20] *Id.*

been negligent. But we affirmed the superior court's grant of summary judgment to the public defender, and our reasoning applies to this case as well.

Noting that the plaintiff was precluded from denying that he committed sexual assault because "the conviction stands," we nonetheless assumed for purposes of argument "that if his attorney had not been negligent his sentence would have been four years and that because of the attorney's negligence the sentence was seven years."[21] Still, under *Shaw*, the plaintiff's "intentional criminal conduct is a legal cause of the entire period of his imprisonment. [The plaintiff] has no redress against his attorney because [his] conduct was intentional and in violation of the criminal law, whereas his attorney's was merely negligent."[22] Quoting *Shaw*, we again held that "subsequent negligent conduct by a plaintiff's attorney is superseded by the greater culpability of the plaintiff's criminal conduct."[23]

Here, too, we can assume to be true Foondle's allegation that he spent more time incarcerated than he would have if his defense attorneys had not neglected the issue of the North Dakota DUI. But under *Howarth* and *Shaw*, "the greater culpability of [Foondle's] criminal conduct" still supersedes any subsequent negligence of his attorneys and, as a matter of public policy, is the "legal cause of the entire period of his

---

[21]     *Id.* at 1336-37.

[22]     *Id.* at 1337.

[23]     *Id.*

imprisonment."[24]  The superior court therefore did not err in dismissing Foondle's legal malpractice claims.[25]

## B. The Superior Court Did Not Err When It Relied On Foondle's Conviction For Misdemeanor DUI To Dismiss His Malpractice Claims.

Foondle makes two arguments in support of a contention that the superior court erred in relying on his DUI conviction to dismiss his malpractice claims.  First, he argues that the conviction suffered from a fatal jurisdictional defect — the inconsistency between the grand jury's indictment for felony DUI and his ultimate conviction and sentencing for misdemeanor DUI.  But a conviction for misdemeanor DUI does not signal a jurisdictional flaw, because misdemeanor DUI under AS 28.25.030(a) is a lesser included offense of felony DUI under AS 28.25.030(n).[26]  The jury could lawfully have

---

[24]     *Id.*; *Shaw v. State, Dep't of Admin.*, 861 P.2d 566, 572 (Alaska 1993).

[25]     In several stages of tort reform, both before and after *Shaw* and *Howarth* were decided, the Alaska legislature revised the statutes that govern the allocation of damages based on fault.  *See Sowinski v. Walker*, 198 P.3d 1134, 1149-50 (Alaska 2008). For example, AS 09.17.080 requires that a jury (or the court if there is no jury) make findings allocating fault among all responsible parties, considering, among other things, "both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed."  And AS 09.17.900 defines "fault" to include "acts or omissions that are in any measure negligent, reckless, or intentional."  Whether the rule of *Shaw* and *Howarth* is consistent with these statutory changes has not been raised in this case, and we therefore do not address it.

[26]     A charge of felony DUI adds to the elements of misdemeanor DUI only a history of convictions, and a defendant cannot commit the greater offense without committing the lesser.  *See Lampkin v. State*, 141 P.3d 362, 365 n.5 (Alaska App. 2006) ("A lesser offense is 'included' within the charged offense if, under the facts of the case, it would be impossible for the defendant to commit the charged offense without committing the lesser offense, and when conviction of the greater offense requires the jury to find a disputed fact that is not required for conviction of the lesser."); *see also Elisovsky v. State*, 592 P.2d 1221, 1225-26 (Alaska 1979) (adopting the "cognate

(continued...)

convicted Foondle of misdemeanor DUI on the basis of the indictment charging the greater offense,[27] and Judge Bauman, having found that the facts did not support the felony conviction, acted within his authority when he reduced it to the lesser included misdemeanor.[28]

Second, Foondle argues that the superior court should not have given collateral estoppel effect to his DUI conviction because he lacked the opportunity to appeal it.[29] He acknowledges that he had the right to appeal, but he faults his criminal defense attorneys for failing to exercise it. He contends that the civil and appellate rules did not allow him to file an appeal pro se as long as he was represented by counsel who

---

[26](...continued)
approach" to the question whether offenses are " 'necessarily included' in other offenses"; the approach "focuses closely on the facts charged in the indictment to determine whether the defendant had actual notice of possible lesser included offenses").

[27]    *See* Alaska R. Crim. P. 31(c) ("The defendant may be found guilty of an offense necessarily included in the offense charged.").

[28]    *See Hurd v. State*, 107 P.3d 314, 322-23 (Alaska App. 2005) ("[W]hen we have found a flaw in the evidence or procedures leading to a defendant's conviction for a greater offense, but when this flaw did not affect the validity of the jury's finding or the defendant's plea with regard to a lesser offense, we have authorized the State to forego further prosecution of the greater offense and simply ask the trial court to enter judgement on the lesser offense."); *S.R.D. v. State*, 820 P.2d 1088, 1093 (Alaska App. 1991) (vacating conviction for first-degree assault as unsupported by the evidence, but directing that "[b]ecause the jury's verdict convicting S. of first-degree assault necessarily encompasses all the elements necessary to a finding of guilt on the lesser-included offense of assault in the fourth degree, the trial court may, on remand, enter a judgment against S. for the lesser offense").

[29]    Issue preclusion, or collateral estoppel, "bars the relitigation of issues actually determined in earlier proceedings." *McAlpine v. Pacarro*, 262 P.3d 622, 627 (Alaska 2011) (citations and alterations omitted).

declined to file an appeal on his behalf;[30] that he was thus effectively prohibited by law from appealing; and that his case therefore falls within an exception to the general rule of issue preclusion, applicable when "[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action."[31] But as explained in the Restatement of Judgments, this exception "applies only when review is precluded as a matter of law. It does not apply in cases where review is available but is not sought."[32] Foondle admits that appellate review was available but not sought (indeed, it is one of his complaints against his attorneys).

Alaska Appellate Rule 209(b)(4) provides that a criminal defense attorney who does not intend to pursue an appeal despite his client's wishes may not withdraw without first filing a notice of appeal in order to preserve his client's rights.[33] The attorney's failure to do so, as Foondle alleges happened in his criminal case, may

---

[30]  Foondle relies on Alaska Civil Rule 81(c)(2), which provides in part that "[e]xcept as otherwise ordered by the court . . . a party who has appeared by an attorney may not thereafter appear or act in the party's own behalf in any action or proceeding, unless order of substitution shall have been made by the court after notice to such attorney"; and on Alaska Appellate Rule 209(b)(4), which provides that "[c]ounsel appointed to represent a defendant in the trial court pursuant to Criminal Rule 39 shall remain as appointed counsel throughout an appeal or petition for review at public expense . . . and shall not be permitted to withdraw except upon grounds authorized."

[31]  RESTATEMENT (SECOND) OF JUDGMENTS § 28(1) (1982).

[32]  *Id.* at § 28 cmt. a.

[33]  *See, e.g.*, *Broeckel v. State*, 900 P.2d 1205, 1207-08 (Alaska App. 1995) (finding ineffective assistance of counsel where trial attorney withdrew before ensuring that defendant had succeeded in retaining new counsel to file appeal).

constitute ineffective assistance of counsel.[34]  But a claim for ineffective assistance of counsel must be pursued in an application for post-conviction relief.[35]  Although such an application, if successful, could result in a reversal of Foondle's DUI conviction, that has not happened.  The conviction stands, and Foondle is precluded from religitating his innocence in this civil lawsuit for legal malpractice.[36]

## C. The Superior Court Did Not Err In Its Award Of Attorney's Fees To The Public Defenders As Prevailing Parties.

Foondle identifies one of the issues on appeal as whether the superior court abused its discretion "as to the amount of the award" of costs and attorney's fees to the public defenders.  His brief does not explain why the amount was erroneous, however;

---

[34]    *Id.* at 1208.

[35]    *See Barry v. State*, 675 P.2d 1292, 1295-96 (Alaska App. 1984) (holding that, except where the error is "plain," claims of ineffective assistance of counsel must be brought "either in a motion for new trial or [in] an application for post-conviction relief").

[36]    Foondle also contends that the dismissal of his malpractice case on the State's motion was "arbitrary and premature" and interfered with his rights to due process and access to the courts.  But even on appeal Foondle identifies no genuine issue of material fact that should have been the subject of discovery or trial; the superior court decided the case on legal grounds based on the facts as alleged in Foondle's complaint and as further explained in the order Foondle attached to his complaint as an exhibit. *See Adkins v. Stansel*, 204 P.3d 1031, 1035 n.20 (Alaska 1996) ("Attachments to a complaint are properly considered a part of the complaint in connection with a motion to dismiss."). We have held that the summary judgment standard, limiting summary disposition to cases in which there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, "is adequate to prevent the violation of a party's due process right or right to a jury trial," *Capolicchio v. Levy*, 194 P.3d 373, 380-81 (Alaska 2008), and the same is true of the standards for dismissal if properly applied. *See DeNardo v. ABC Inc. RVs Motorhomes*, 51 P.3d 919, 927 (Alaska 2002) (finding no due process violation when superior court dismissed complaint after adequate warning that dismissal would occur if the plaintiff did not comply with a discovery order).

it contends only that the public defenders should not have been deemed the prevailing parties because the superior court erred in dismissing his suit on its merits. Affirming the dismissal, we necessarily agree with the superior court's determination that the public defenders were the prevailing parties. Any challenge to the amount of the attorney's fees award is not briefed and is therefore waived.[37]

## V.    CONCLUSION

The judgment of the superior court is AFFIRMED.

---

[37]    *See Gilbert v. Sperbeck*, 126 P.3d 1057, 1062 (Alaska 2005) ("[E]ven when a pro se litigant is involved, an argument is considered waived when the party 'cites no authority and fails to provide a legal theory' for his or her argument." (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004))).