NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ZANE ULIN, ) | |
| ) | Supreme Court No. S-17113 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-17-10921 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| GEICO GENERAL INSURANCE ) | AND JUDGMENT* |
| COMPANY; JANE SUSAN KURTH; ) | |
| JAMES KURTH also known as JAMES ) | No. 1749 – November 27, 2019 |
| M. KURTH and JAMES MICHAEL ) | |
| KURTH; the ESTATE of JAMES ) | |
| MICHAEL KURTH; BARRY A. CAPE; ) | |
| and one driver whose name is unknown, ) | |
| but whose name is believed to be known ) | |
| to Jane Susan Kurth, ) | |
| ) | |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Dani Crosby, Judge.

Appearances: Zane Ulin, pro se, Palmer, Appellant. Barry J. Kell, Kell & Associates, P.C., Anchorage, for Appellee GEICO General Insurance Company. Notices of nonparticipation filed by Michael J. Hanson, Call & Hanson, P.C., Anchorage, for Appellees Jane Susan Kurth, James Kurth, and the Estate of James Michael Kurth; and Marc A. Spooner, Walker & Eakes LLC, Anchorage, for Appellee Barry Cape.

---

\*      Entered under Alaska Appellate Rule 214.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen,
and Carney, Justices.

## I.     INTRODUCTION

A victim in a hit-and-run car accident sued all parties involved in the accident, as well as the insurer of the vehicle that left the scene. The insurer filed a motion to dismiss for failure to state a claim, which the superior court granted. The victim appeals the order granting the motion to dismiss and the court's denial of his subsequent motion for reconsideration. We affirm the judgment of the superior court because the victim's pleadings and motions do not allege a compensable cause of action.

## II.    FACTS AND PROCEEDINGS

Zane Ulin was injured in a three-vehicle accident occurring in December 2015.[1] Ulin was approaching an intersection when an unknown driver in a vehicle owned by James M. Kurth failed to stop at the intersection. The vehicle owned by Kurth collided with a vehicle owned by Barry A. Cape. Cape's vehicle in turn struck Ulin's vehicle. The vehicle owned by Kurth then left the scene. As a result of the accident, Ulin suffered unspecified physical injuries.

In September 2016 an attorney representing Ulin sent a notice to GEICO General Insurance Company (GEICO), Kurth's insurer. The attorney asked GEICO to retain relevant evidence and to "provide [Ulin] with a certified copy of the insurance policy in effect on December 4, 2015, covering the vehicle involved in this accident."

---

[1]     Because this case is an appeal from a motion to dismiss, these facts are described in the light most favorable to Ulin, the non-moving party, and assumed to be true. *See Valdez Fisheries Dev. Ass'n, Inc. v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 664 (Alaska 2002).

Ulin filed a complaint in the superior court in December 2017. He named several defendants, including the unknown driver, Cape, and GEICO. Ulin alleged that both the unknown driver and Cape negligently operated their vehicles but failed to allege any cause of action against GEICO.

In February 2018 GEICO filed a motion to dismiss. It asserted that Ulin had failed to state a claim against GEICO for which relief could be granted. GEICO acknowledged that it insured the vehicle owned by Kurth, but claimed that "Alaska law precludes a plaintiff from bringing suit directly against an alleged tortfeasor's insurer for bad faith" and "that a plaintiff cannot sue an alleged tortfeasor's insurer directly for the alleged negligence of its insured."

Ulin filed a response, claiming that "the cause of action directed against [GEICO] would be a duty owed to the Plaintiff for damages he received as a result of the accident caused by [GEICO]'s insured." He also stated that GEICO "demonstrated bad faith and unfair dealing in the claims handling process when counsels representing [Ulin] contacted the insurer with claims and requests for disclosure and production of information." He stated that this bad faith conduct was actionable. Ulin further indicated that he might amend or supplement his claims against GEICO at a later time. The superior court granted GEICO's motion to dismiss with prejudice in April 2018.

Ulin filed a motion for reconsideration, stating that the court erred by not considering statutes governing unfair claim settlement practices and related portions of the administrative code. He also claimed that the court failed to recognize that GEICO intentionally violated these statutes and regulations by "intentionally concealing and withholding information that [GEICO] was mandatorily required to disclose and produce." The superior court denied this motion in May 2018.

Ulin now appeals, representing himself.[2]

## III.   DISCUSSION

Ulin argues that the superior court erred when it granted GEICO's motion to dismiss for failure to state a claim and when it denied his motion for reconsideration.[3] He primarily claims that the superior court erred by failing to apply relevant statutes, relevant regulations, and our precedent to the facts. We review an order dismissing a complaint for failure to state a claim de novo,[4] and the denial of a motion for reconsideration for an abuse of discretion.[5]

As GEICO argues that, "Ulin's complaint makes no factual allegations sufficient to support any claim against GEICO." It is well-established that "under Alaska law a plaintiff may not sue a tortfeasor's insurance company directly."[6] But in light of

---

   [2]   We find no indication in the record that the superior court intended to allow its order dismissing the claims against GEICO to be treated as a final judgment subject to appeal. But none of the parties have questioned our appellate jurisdiction. Assuming there has been no final judgment, we will treat Ulin's appeal as a granted petition for review. *See City of North Pole v. Zabek*, 934 P.2d 1292, 1286 (Alaska 1997).

   [3]   Ulin also suggests that the superior court erred because it did not explain its reasoning when it ruled on the motions. We have noted that because we apply our independent judgment when reviewing dismissal orders, "we are not reliant on the superior court's rationale" and thus do not require findings for such orders. *Rae v. State, Dep't of Corr.*, 407 P.3d 474, 478 (Alaska 2017). There is enough information in Ulin's complaint and the parties' memoranda for us to determine whether the superior court erred in granting the motion to dismiss and denying the motion for reconsideration.

   [4]   *Foondle v. O'Brien*, 346 P.3d 970, 973 (Alaska 2015).

   [5]   *Magden v. Alaska USA Fed. Credit Union*, 36 P.3d 659, 661 (Alaska 2001).

   [6]   *Hamilton v. Blackman*, 915 P.2d 1210, 1216 (Alaska 1996) (citing *Evron v. Gilo*, 777 P.2d 182, 187-88 (Alaska 1989)); *accord Severson v. Estate of Severson*, 627 P.2d 649, 651 (Alaska 1981).

Ulin's status as a self-represented litigant, we consider his response to the motion to dismiss and his motion for reconsideration broadly for clarification of his potential claim against GEICO.

Ulin's opposition to GEICO's motion to dismiss states that "at this time the cause of action directed against [GEICO] would be a duty owed to [Ulin] for damages he received as a result of the accident."[7] But we have rejected the proposition that an insurer owes an injured claimant a general duty of good faith and fair dealing.[8]

Ulin argues that such a duty arises from the statutes and regulations governing insurance companies.[9] But we have rejected this position as well, explaining that AS 21.36.125 in particular "prohibits acts committed so frequently as to become a trade practice; it does not readily lend itself to enforcement by a private cause of action arising from a single claim."[10]

---

[7]   On appeal Ulin suggests that GEICO's duty arises from his own contractual relationship with GEICO. But because he did not present this argument to the superior court, we deem it waived. *See Adkins v. Collens*, 444 P.3d 187, 195 (Alaska 2019) ("Arguments raised for the first time on appeal are generally waived . . . .").

[8]   *O.K. Lumber Co. v. Providence Wash. Ins. Co.*, 759 P.2d 523, 526 (Alaska 1988) ("The duty [of good faith and fair dealing] is a product of the fiduciary relationship created by the contract between the insurer and its insured.").

[9]   *See* AS 21.36.020; AS 21.36.125; AS 21.36.212; 3 Alaska Administrative Code (AAC) 26.010-.300 (2019).

[10]   *O.K. Lumber Co.*, 759 P.2d at 527; *see also* AS 21.36.125(b) ("The provisions of this section do not create or imply a private cause of action for a violation of this section.").

We therefore conclude that we must affirm the superior court's order of dismissal with respect to the claims Ulin has asserted in his complaint and his motion for reconsideration.[11]

## IV.   CONCLUSION

The superior court's judgment is AFFIRMED.

---

[11]   Ulin argues that the superior court's dismissal of GEICO with prejudice and denial of his motion for reconsideration violated his "constitutional due process right to be heard" and "block[ed] his access to court." We review questions of constitutional law de novo. *Rae v. State, Dep't of Corr.*, 407 P.3d 474, 477 (Alaska 2017). We have held that " 'the standards for dismissal if properly applied' are 'adequate to prevent the violation of a party's due process right.' " *Id.* at 479 (quoting *Foondle v. O'Brien*, 346 P.3d 970, 976 n.36 (Alaska 2015)). The same rationale applies to motions for reconsideration. As we have found no errant application of the standards for dismissal or reconsideration, we find no violation of Ulin's constitutional rights.